UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DIAMOND D CONSTRUCTION CORP., | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| | **00-CV-335C(F)** |
| NEW YORK STATE DEPT OF LABOR, *et al*, | |
| Defendants. | |

---

This case was referred to the undersigned by Honorable John T. Curtin on July 8, 2004 for resolution of all matters pertaining to an attorney's fee application and charging lien filed in this action and in a related action, *Killeen, et al v. DiPizio*, 03-CV-377. The matter is presently before the court on a motion (Doc. No. 300) filed by Defendant New York State Department of Labor ("DOL") on August 5, 2004 to unseal certain documents.

Specifically, DOL moves for a court order unsealing Doc. Nos. 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 192, 193 and 194, arguing that the sealing of such documents did not comply with Local Rule of Civil Procedure for the Western District of New York 5.4 ("Local Rule 5.4"). To date, no responses have been filed despite the court's August 13, 2004 scheduling order (Doc. No. 301), establishing August 31, 2004 as the deadline for responses. Oral argument was deemed unnecessary.

Based on the following, the motion to unseal is GRANTED.

First, the subject documents were filed under seal despite a lack of compliance with Local Rule 5.4 which provides that "there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." Local Rule 5.4(a). Specifically, a party seeking to file a document under seal

is required to

> submit an application, under seal, setting forth the reasons for sealing, together with a proposed order for approval by the assigned Judge. The proposed order shall include language in the "ORDERED" paragraph stating the referenced document(s) to be sealed. Upon approval of the sealing order by the assigned Judge, the Clerk shall seal the document(s).

Local Rule 5.4(b).

Here, however, no application was submitted for any of the sealed documents, nor was any reason for sealing the documents specified.

Second, the motion is unopposed. As such, the parties who filed the subject motions under seal have again failed to provide any reason for restricting access to the information contained therein.

Third, a review of the documents reveals they contain no information that either is not already available through other documents in the action that are not filed under seal, or that is otherwise privileged.

Finally, several of the sealed documents are either certificates of service (Doc. Nos. 181, 186 and 194), or transmittal letters from the filing attorney (Doc. No. 192). There is no reason to seal such documents.

Accordingly, the motion to unseal (Doc. No. 300) is GRANTED. The Clerk of the Court is directed to unseal Doc. Nos. 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 192, 193 and 194.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO  
UNITED STATES MAGISTRATE JUDGE

DATED:    August <u>4</u>, 2005  
         Buffalo, New York